IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE LAWRENCE ROMIG,

       Plaintiff,                                 09-cv-1105

   v.                                        **ELECTRONICALLY FILED**

BEAVER COUNTY GOVERNMENT
Beaver County, PA.,

       Defendant(s).

**MEMORANDUM AND ORDER OF COURT**

Before the Court is a one page *pro se* complaint (Doc. No. 1) filed by plaintiff, Dale Lawrence Romig, which fails to identify any officials or employees of the identified defendant, "Beaver County Government," and fails to identify any conduct on the part of any official or employee that may have given rise to any cause of action. In substance, Mr. Romig's complaint states *only* the following:

> 3. Allegations against Beaver County Government; criminal government corruption, criminal conspiracy, government officials accepting bribes, police harassment, police brutality, theft of evidence, obstruction of justice, false arrest, false imprisonment, false criminal charges, obstruction of justice, and religious prosecution.

Complaint, ¶ 3. As his "Relief," plaintiff states that he is "suing Beaver County Government, Beaver County, Pa. for $900,000." Complaint, p. 1.

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set

1

of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803263, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett* at *13, quoting *Iqbal*. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951.

Plaintiff's complaint does not allege "enough facts to state a claim to relief that is plausible on its face," and provides no notice whatsoever to the defendant, "Beaver County Goverment," as to the factual nature of his claims.

2

Because the Complaint is completely deficient under Fed. R. Civ. P. 8(a)(2), *Twombly* and *Iqbal*, it should be dismissed for failure to state a claim. Plaintiff may, however, file an Amended Complaint with sufficient particularity to meet the minimum pleading requirements setting forth the nature and the factual bases of his claims on or before September 28, 2009. Failure to file such an Amended Complaint may result in dismissal of this case without further notice.

SO ORDERED this 24th day of August, 2009

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:
Dale Lawrence Romig, *Pro Se*
623Sohn Road
Aliquippa, PA 15001-3829